## No. 642
## VOELKEL v. CINCINNATI

Ohio Appeals, 1st Dist., Hamilton County
No. 2247. Jan. 7, 1924

801. MUNICIPAL LAW—A city ordinance providing for an occupation tax, and for a fine upon conviction of violation is a valid exercise of the legislative power of a city— Tax not a debt.

HAMILTON, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

Carl M. Voelkel was arrested, charged with failing and refusing to pay an occupational tax, as a practicing dentist in the city of Cincinnati, and he was found guilty and fined by the Municipal Court of Cincinnati, and adjudged to stand committed to the workhouse until the fine and costs were paid. The prosecution was under an ordinance of the city which provided for the levying of an occupational tax, and for a fine upon conviction of violating the ordinance. Voelkel prosecuted error to the Common Pleas, which affirmed the conviction and he thereupon prosecuted error to the Court of Appeals, contending that the ordinance was unconstitutional. Held:

The levy of an occupational tax is a valid exercise of the legislative power of the city. 99 OS. 220.

The Ohio Constitution provides that no person shall be imprisoned for debt unless in cases of fraud. Whether the section of the ordinance provided for a fine is constitutional depends upon the question whether an occupational tax, when due and payable, is a debt. That a tax is not a debt, but simply an impost levied for the support of the government was decided in 83 OS. 36. Judgment affirmed.

Attorneys—Eli J. Frankenstein, for Voelkel; Jos. H. O'Connell and Chauncey D. Pickel, for City; all of Cincinnati.

---

## No. 643
## CLEVELAND RAILWAY CO. v. WINSLOW

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5297. June 23, 1924

Vickery, P. J., Sullivan and Levine, JJ.

899. NEW TRIAL—Instead of remittur of excessive verdict may be made.

PER CURIAM.

### Epitomized Opinion
Published Only in Ohio Law Abstract

Louis Winslow brought an action in Cuyahoga Common Pleas for damages and received judgment for $20,300. The trial court cut this down to $10,250. The Railway brought error to the Appeals, which held that practically the only error complained of was that the verdict was so excessive that it in itself showed passion and prejudice, and that therefore instead of making a remittur the court should have granted a new trial.

That the injuries were such and the nature of the accident such that he was entitled to a substantial verdict, and the amount of which was more in the province of a jury than in a court. The court below, however, having reduced the verdict, which, apparently, was done under a misapprehension as to what some of the witnesses testified to, as noted in the bill of exceptions, this court will not, for that reason, disturb the verdict.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; A. H. Fiebach, for Winslow; all of Cleveland.

Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912.

Of The Ohio Law Abstract, published weekly at Cleveland, Ohio, for October , 1924.
State of Ohio, County of Cuyahoga, ss.
Before me, a Notary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443, Postal Laws and Regulations, printed on the reverse of this form, to-wit:
1. That the names and addresses of the publisher, editor, managing editor and business managers are:
Publisher, The Law Abstract Co., Cleveland, Ohio. Editor, W. J. Tossell, Norwalk, Ohio. Managing Editor, J. F. Laning, Cleveland, Ohio. Business Manager, J. F. Laning, Cleveland, Ohio.
2. That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:
J. F. Laning, Cleveland, Ohio; M. W. Laning, Cleveland, Ohio; C. E. Laning, Cleveland, Ohio; Robert Lanius, Lorain, Ohio; S. R. Laning, Cleveland, Ohio, and S. H. Torrey, Cleveland, Ohio.
3. That the known bondholders, mortgagees and other seucrity holders owning or holding 1 per cent or more of total amount of bonds, mortgages, or other securities are:
None.
4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the the books of the company as trustees or in any other fiduciary relation, the name of the person or corporation for whom sulh trustee is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and contditions under which stockholders and security holders who do not appear upon the books of the company as trustees, held stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person, association or corporation has any interest direct or indirect in the said stock, bonds, or other securities than as so stated by him.
J. F. LANING, Business Manager.
Sworn to and subscribed before me this 4th day of October, 1924.
E. L. MUELLER, Notary Public.
My commission expires Sept. 16, 1926.